*Frank W. Volk*
Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| IN RE:<br><br>PHILIP RICHARD ROGERS and<br>JILL DENISE ROGERS,<br><br>Debtors. | CASE NO. 2:10-bk-21060<br><br>CHAPTER 7<br><br><br><br>JUDGE FRANK W. VOLK |
|---|---|

## MEMORANDUM OPINION AND ORDER DENYING DEBTORS' REQUEST FOR CONTEMPT AGAINST SELENE FINANCE

Pending is Phillip Richard Rogers and Jill Denise Rogers' (collectively, the "Rogers") Motion for Violation of the Automatic Stay by Selene Finance, restyled as a Petition for Contempt. [Dckt. No. 93, 117, and 132].

### I.

On March 16, 2017, an order was transmitted to counsel for Selene Finance and the Rogers directing that the Rogers' Motion for Violation of the Automatic Stay [Dckt. 93], filed in an adversary proceeding, would be restyled as a Petition for Contempt and would "be set for evidentiary hearing [in the main bankruptcy case] within two months . . . " [Dckt. No. 117]. The Bankruptcy Noticing Center certified that, on March 18, 2017, notice was sent via first class mail to the Rogers at their address of record, 414 Harmons Creek Road, Poca, West Virginia, 25159-9086. [Dckt. No. 119].

On April 25, 2017, the Court entered a second order setting the evidentiary hearing for May 17, 2017, at 11:00 a.m., in Charleston. The order additionally advised the Rogers respecting allocation of the burden of proof, stating "[i]t will be incumbent upon the Rogers at the outset [of the hearing] to proffer a discharge injunction violation according to the aforementioned

timeline." [Dckt. No. 132]. The Bankruptcy Noticing Center certified that on April 28, 2017, notice was sent via first class mail to the Rogers at the 414 Harmons Creek Road address. [Dckt. No. 137]. No oral or written motion for continuance had been received at the time of the hearing. On May 17, 2017, at 11:00 a.m., the Rogers failed to appear as directed.

Title 11 U.S.C. § 524(a)(2) states, "A discharge . . . operates as an injunction against . . . an act . . . to collect, recover or offset any . . . debt as a personal liability of the debtor." *Id.* Bankruptcy courts are authorized under section 105(a) to enforce this statutory edict through contempt. *In re Pau*l, 534 F.3d 1303, 1306–1307 (10th Cir. 2008) (citing *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506–07 (9th Cir. 2002); *Cox v. Zale Del., Inc.*, 239 F.3d 910, 916–17 (7th Cir. 2001); *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir. 2000); *In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1063 (5th Cir. 1997); *In re Hardy*, 97 F.3d 1384, 1389 (11th Cir. 1996). The movant, however, must prove a discharge injunction violation by clear and convincing evidence. *See In re Mejia*, 559 B.R. 431, 442 (Bkrtcy. D. Md. 2016); *In re Johnston*, No. 05–06288, 2007 WL 3166941 at *5 (Bankr. N.D. W. Va. Oct. 25, 2007) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).

In view of their unexplained absence at the scheduled hearing, after receiving notice and having not moved to reschedule the proceeding, the Rogers have defaulted upon their obligation to prove contumacious conduct. The Court, accordingly, **DENIES** the Rogers' Petition for Contempt.[1]

---

[1] To the extent the circumstances require application by analogy of the well-settled standard for failure to prosecute, the Court has likewise considered the following: (1) the degree of personal responsibility on the part of the movants; (2) the amount of prejudice to the non-movant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Rogers alone are responsible for their failure to appear. Additionally, Selene Finance has sought a default dismissal after having attended multiple hearings related to this matter and, ultimately, this final hearing where adjudication likely would have occurred. Having received no information from the Rogers respecting the effectiveness of sanctions less drastic, the Court is left with no basis to conclude such lesser measures would remedy the apparent prejudice. Dismissal is thus warranted.